IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMERICA'S SILVER COLLECTION, LLC, and AMERICA'S GEM LLC, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-18-3806 |
| FABULOUS FANCY'S LLC, and PAUL MICHAEL WELCH, JR., | § § § | |
| Defendants. | § § | |

**ORDER ENTERING DEFAULT AND ORDERING MOTION
FOR ENTRY OF FINAL DEFAULT JUDGMENT**

America's Silver Collection, LLC and America's Gem LLC sued Fabulous Fancy's LLC and Paul Michael Welch, Jr., alleging that Fabulous Fancy and Welch ordered and received jewelry but did not pay for it. America's Silver and America's Gem have moved for entry of default against Fabulous Fancy and Welch because both were served but neither has appeared, answered, asserted a defense, or sought more time to do so. The court enters default for America's Silver and America's Gem and orders them to file a motion for entry of final default judgment, with evidence of the damages sought and of attorney's fees, by **March 4**, **2019**. The reasons are explained in detail below.

**I.     Background**

The complaint alleges that, during some undisclosed period, Welch signed invoices for merchandise for an unidentified corporation. (Docket Entry No. 1 at 3). "Welch signed personally and on behalf of the corporation with AMERICA'S in order to purchase jewelry merchandise." (*Id.*). Welch and Fabulous Fancy "guaranteed payment of all obligations incurred by the

corporation, together with the imposition of interest, attorney's fees and court costs." (*Id.*). Welch and Fabulous Fancy "placed orders with AMERICA'S, received the merchandise ordered, but have failed to pay the remaining balance of $101,559.14." (*Id.*). In the purchase agreements, Welch and Fabulous Fancy "agreed to an interest rate of 1.5% per month to be applied to all unpaid balances." (*Id.* at 3–4). America's Silver and America's Gem made written demands for payment of the outstanding balance, but Welch and Fabulous Fancy have not paid. (*Id.*).

In October 2018, America's Silver and America's Gem sued Fabulous Fancy and Welch, asserting claims of contract breach, unjust enrichment, quantum meruit, fraud, and conversion. (*Id.* at 3–6). America's Silver and America's Gem submitted an affidavit from their records custodian, stating that Fabulous Fancy and Welch owed them "$101,559.14, plus interest and attorney's fees," for "the provisions of goods." (Docket Entry No. 1-1 at 1–2). America's Silver and America's Gem ask for $101,559.14 in actual damages, prejudgment interest, $20,000 in attorney's fees, and punitive damages. (Docket Entry No. 1 at 6).

America's Silver and America's Gem have moved for entry of default, alleging that Fabulous Fancy and Welch have been served, but have failed to answer the complaint or file a motion under Federal Rule of Civil Procedure 12. (Docket Entry No. 7). America's Silver and America's Gem have submitted proofs of service. The first states that Jim Sands, a process server, served "Melody X as Process intake for United States Corporation Agents Inc.," a company designated to receive service for Fabulous Fancy, on December 4, 2018, at 2:30 p.m. (Docket Entry No. 6 at 1). The second states that Bill McElroy, another process server, served Paul Michael Welch, Jr., on December 1, 2018, at 12:39 p.m. (Docket Entry No. 6-1 at 2–4).

The summons informed Fabulous Fancy and Welch that if they failed to respond, "judgment

2

by default will be entered" for "the relief demanded in the complaint." (Docket Entry No. 6-1 at 3).

Fabulous Fancy and Welch have not responded to the motion for entry of default.

**II.      Legal Standard**

"A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis omitted).

> An entry of default is what the clerk enters when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment.

*Id.* (emphasis omitted). "District courts in the Fifth Circuit have characterized [this] language as establishing a 'three-step process,' in which default must precede entry of default and entry of default must precede default judgment." *Pipe Wrap LLC v. P3 Indus. Techs., Inc.*, No. H-08-822, 2009 WL 2915921, at *2 (S.D. Tex. Aug. 31, 2009) (collecting cases).

A default must be entered when a party shows "by affidavit or otherwise" that another party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). Either the clerk or the court may enter default. *Pipe Wrap*, 2009 WL 2915921, at *2. After default is entered, default judgment may be sought under Rule 55(b). "Motions for default judgment must be served on the defendant-respondent by certified mail (return receipt requested)." S.D. TEX. LOCAL R. 5.5.

"Defaults are 'generally disfavored.'" *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984)); *see also Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) ("Defaults are not

favored and their strict enforcement has no place in the Federal Rules." (quotation omitted)). The Fifth Circuit has adopted "a policy in favor of resolving cases on their merits and against the use of default judgments." *Sindhi v. Raina*, 905 F.3d 327, 331 (5th Cir. 2018) (quotation omitted). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). "[T]hey are 'available only when the adversary process has been halted because of an essentially unresponsive party.'" *Id.* (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

**III.    Analysis**

Fabulous Fancy and Welch have not appeared, answered, filed a Rule 12 motion, or asked for more time to do so. Counsel for America's Silver and America's Gem submitted an affidavit stating that Fabulous Fancy and Welch "have failed to appear, plead[,] or otherwise defend within time allowed and, therefore, are now in default." (Docket Entry No. 7-1 at 1). America's Silver and America's Gem have provided proofs of service, indicating that Fabulous Fancy and Welsh have been served with the summons and complaint, informed of the need to timely respond, and warned of the risk of default if they failed to do so. (Docket Entry Nos. 6, 6-1). The motion for entry of default included a service certification, stating that:

> [T]rue and correct copies of the Plaintiff's motion for Entry of default, Affidavit in Support for Entry of Default, Clerk's Certificate of Default and this Certificate of Service efiled with this Honorable Court have been served in accordance with SDTX Local Rules on this the 30th day of January, 2019 by serving the Defendants at 78206 Warner Rd., Suite #F, Palm Desert CA 92211 by USPS Certified Mail, E-return receipt requested, tracking # 70133020000234272639, postage prepaid on the 30th day of January, 2019.

(Docket Entry No. 7-3). Based on the proofs of service, affidavit, and service certification, default

is entered against Fabulous Fancy and Welch.

**IV.     Conclusion**

Default is entered for America's Silver and America's Gem against Fabulous Fancy and Welch.  America's Silver and America's Gem must file a motion for final default judgment, with proof of the damages and the reasonable attorney's fees sought.  The motion for final default judgment must be filed by **March 4**, **2019**.

SIGNED on February 4, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge