IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMERICA'S SILVER COLLECTION, LLC, | § | |
| AMERICA'S GEM LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-3806 |
| | § | |
| FABULOUS FANCY'S LLC, | § | |
| PAUL MICHAEL WELCH, JR., | § | |
| | § | |
| Defendants. | § | |

**ORDER ENTERING DEFAULT JUDGMENT**

America's Silver Collection, LLC and America's Gem LLC sued Fabulous Fancy's LLC and Paul Michael Welch, Jr., alleging that Fabulous Fancy and Welch ordered and received jewelry but did not pay for it. America's Silver and America's Gem have moved for default judgment against Fabulous Fancy and Welch because both received service but neither has appeared, answered, asserted a defense, or sought more time to do so. The court grants the motion for default judgment, entering judgment against Fabulous Fancy and Welch in the amount of $129,610.96. Final judgment is separately entered. The reasons are explained in detail below.

**I.     Background**

The complaint alleges that, during some undisclosed period, Welch signed invoices to purchase jewelry on behalf of Fabulous Fancy. (Docket Entry No. 1 at 3). In these invoices, Welch and Fabulous Fancy "guaranteed payment of all obligations." (*Id.*). The invoices stated that Welch and Fabulous Fancy were liable for any attorney's fees or court costs associated with the orders and that a 1.5% interest would "be applied to all unpaid balances." (*Id.* at 3–4).

Welch and Fabulous Fancy ordered jewelry from America's Silver and America's Gem,

paying $121,559.14 through checks. (*Id.*). After receiving the jewelry, Welch and Fabulous Fancy stopped payment on many of the checks "without returning the merchandise." (*Id.*). America's Silver and America's Gem demanded payment of the outstanding balance, $101,559.14, but Welch and Fabulous Fancy have not paid. (*Id.*).

In October 2018, America's Silver and America's Gem sued Welch and Fabulous Fancy, asserting claims of contract breach, unjust enrichment, quantum meruit, fraud, and conversion. (*Id.* at 3–6). America's Silver and America's Gem submitted an affidavit from their records custodian, stating that Welch and Fabulous Fancy owed them "$101,559.14, plus interest and attorney's fees." (Docket Entry No. 1-1 at 1–2).

America's Silver and America's Gem moved for entry of default, alleging that Welch and Fabulous Fancy have been served, but have not answered the complaint or moved under Federal Rule of Civil Procedure 12. (Docket Entry No. 7). America's Silver and America's Gem submitted proofs of service. The court entered default, finding that Welch and Fabulous Fancy had not answered the complaint, or otherwise appeared or responded, and that America's Silver and America's Gem submitted documents supporting an inference of adequate service. (Docket Entry No. 8 at 4–5).

America's Silver and America's Gem have moved for default judgment in the amount of $129,610.96.[1] (Docket Entry No. 9-2 at 1). America's Silver and America's Gem stated that they are owed $101,559.14 under the invoices, $23,988.32 in interest, $400 in court costs, $113.50 in

---

[1] In the motion for default judgment, America's Silver and America's Gem requested $237,653.82. (Docket Entry No. 9). The court presumes that this request was in error because the damages, fees, costs, and interest add to $129.610.96, and the proposed default judgment requested $129,610.96. (Docket Entry Nos. 9-1–9-2).

service fees, and $3,550.00 in attorney fees. (*Id.*). America's Silver and America's Gem alleged that Welch and Fabulous Fancy have been properly served with the summons, complaint, and motions for entry of default and default judgment. (*Id.*). They submitted proofs and certificates of service; an affidavit of their counsel; the complaint and the record custodian's affidavit; and a statement of damages. (Docket Entry Nos. 9-3–9-9).

Welch and Fabulous Fancy have not responded to the motion for default judgment.

## II.     Legal Standard

After default is entered, a plaintiff may seek default judgment under Federal Rule of Civil Procedure 55(b). *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Default judgment motions "must be served on the defendant-respondent by certified mail (return receipt requested)." S.D. TEX. LOCAL R. 5.5. Federal Rule of Civil Procedure 55(b)(2) authorizes the court to enter a default judgment. The court may "conduct hearings or make referrals" when it needs to conduct an accounting; determine the amount of damages; establish the truth of any allegation or evidence; or investigate any other matter. FED. R. CIV. P. 55(b)(2)(A)–(D). But the court need not "hold either an evidentiary hearing or oral argument on a motion for a default judgment." *Sec. & Exch. Comm'n v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir. 1981); *see UnitedHealthcare Ins. Co. v. Holley*, 724 F. App'x 285, 287–88 (5th Cir. 2018) (per curiam) ("A district court's decision not to conduct a hearing on damages is also reviewed under an abuse of discretion standard.").

Before default judgment can be entered, the plaintiff must submit evidence supporting that the defendant has been properly served. *James Avery Craftsman, Inc. v. Sam Moon Trading Enters., Ltd.*, No. 16-CV-463, 2018 WL 4688778, at * 3 (W.D. Tex. July 5, 2018); *Hazim v. Schiel & Denver*

3

*Book Grp.*, No. H-12-1286, 2013 WL 2152109, at *1 (S.D. Tex. May 16, 2013). Absent proper service, a district court does not have personal jurisdiction over the defendant, and any default judgment is void. *Recreational Props., Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986).

A "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "Defaults are 'generally disfavored.'" *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984)). The Fifth Circuit has "a policy in favor of resolving cases on their merits and against the use of default judgments." *Sindhi v. Raina*, 905 F.3d 327, 331 (5th Cir. 2018) (quotation omitted). This policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process that lies largely within the domain of the trial judge's discretion." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (alterations omitted) (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990)).

"A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "There must be a sufficient basis in the pleadings for the judgment entered." *Id.* For the court to enter default judgment, the complaint must satisfy Federal Rule of Civil Procedure 8. *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 497–98 (5th Cir. 2015). "On appeal, the defendant, although he may not challenge the sufficiency of the evidence, is entitled to contest the sufficiency of the complaint and its allegations to support the judgement."

4

*Nishimatsu*, 515 F.2d at 1206.

Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Generally, the entry of default judgment is committed to the discretion of the district judge." *Mason v. Lister*, 562 F.2d 343, 344 (5th Cir. 1977). "Because of the seriousness of a default judgment, and although the standard of review is abuse of discretion, even a slight abuse of discretion may justify reversal." *Wooten*, 788 F.3d at 496 (quoting *In re Chinese–Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014)).

### III.   Analysis

Neither Welch nor Fabulous Fancy has appeared, answered, moved under Federal Rule of Civil Procedure 12, or requested more time to do so. Counsel for America's Silver and America's Gem submitted an affidavit stating that Welch and Fabulous Fancy have been properly served. (Docket Entry No. 9-1). America's Silver and America's Gem submitted proofs of service showing that Welch and the registered agent for Fabulous Fancy were personally served with the summons

5

and complaint. (Docket Entry Nos. 9-8–9-9); *see* TEX. R. CIV. P. 106(a)(1) (authorizing personal service in Texas). Counsel for America's Silver and America's Gem submitted certificates of service, stating that the motion for default judgment was served on Welch and Fabulous Fancy through certified mail. (Docket Entry Nos. 7-3, 9-3). Based on the current record, the court finds that Welch and Fabulous Fancy have been properly served with the summons, complaint, and the motion for default judgment.

The complaint satisfies Rule 8's requirements. America's Silver and America's Gem alleged that Fabulous Fancy ordered jewelry from them. Welch, acting for himself and Fabulous Fancy, guaranteed payment and agreed to cover attorney's fees or costs associated with collecting payment. Welch and Fabulous Fancy sent checks to America's Silver and America's Gem, but cancelled those checks after receiving the jewelry. Welch and Fabulous Fancy did not return the jewelry after cancelling the checks. America's Silver and America's Gem asserted a number of claims, including contract breach. The complaint's allegations, accepted as true, create a plausible inference that Welch and Fabulous Fancy breached their agreement to pay for the jewelry. *Iqbal*, 556 U.S. at 678.

America's Silver and America's Gem have submitted a statement of damages, showing the amount owed for the jewelry, $101,559.14; interest on that amount, $23,988.32; the attorney's fees, $3,550; and court and service costs, $513.50. (Docket Entry No. 9-4). Their counsel and records custodian confirmed these amounts in affidavits. (Docket Entry Nos. 9-1, 9-6). Accepting the complaint's allegations as true, the court finds that America's Silver and America's Gem have incurred these damages and costs and that the requested attorney's fees are reasonable.

**IV.     Conclusion**

The motion for default judgment is granted. (Docket Entry No. 9). Default judgment is

entered against Welch and Fabulous Fancy in the amount of $129,610.96. Final judgment is separately entered.

        SIGNED on February 28, 2019, at Houston, Texas.

                                      Lee H. Rosenthal
                                  Chief United States District Judge